UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN WHEAT,

    Plaintiff,

        v.                             CAUSE NO. 3:21-CV-630-RLM-MGG

N. SCHOIBER,

    Defendant.

OPINION AND ORDER

Ryan Wheat, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Wheat alleges that on July 28, 2021, Sgt. N. Schoiber shoved the barrel of his taser gun into his neck in a threatening manner to force him to go back to his side of the cellhouse. Mr. Wheat says he tried to explain to Sgt. Schoiber that he had permission to pick up his commissary order with the rest of his range, but Sgt. Schoiber wouldn't listen to him. Mr. Wheat says he told Sgt. Schoiber that he would be filing a grievance against him for threatening him with his taser gun. He asserts

that Sgt. Schoiber wrote him up on a disciplinary charge to cover up his mistake, but the prison's surveillance video and Sgt. Schoiber's body camera would have recorded the incident. Mr. Wheat claims his neck became painful after Sgt. Schoiber shoved the taser gun into his neck and he is waiting to be seen by the medical unit. Mr. Wheat also asserts he needs the mental health staff to assess his nightmares and post-traumatic stress disorder, which stem from Sgt. Schoiber threatening him with his taser gun.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See* Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Wheat the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim of excessive force against Sgt. Schoiber.

For these reasons, the court:

(1) GRANTS Ryan L. Wheat leave to proceed against Sgt. N. Schoiber in his individual capacity for compensatory and punitive damages for shoving the barrel of his taser gun into his neck, on July 28, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. N. Schoiber at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if he does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. N. Schoiber to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 15, 2021

                                                    s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT