UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN WHEAT,

    Plaintiff,

    v.                                   CAUSE NO. 3:21-CV-630-RLM-MGG

N. SCHOIBER,

    Defendant.

OPINION AND ORDER

Ryan Wheat, a prisoner without a lawyer, is proceeding in this case "against Sgt. N. Schoiber in his individual capacity for compensatory and punitive damages for shoving the barrel of his taser gun into his neck, on July 28, 2021, in violation of the Eighth Amendment[.]" ECF 11 at 2. Sgt. Schoiber filed moved for summary judgment, arguing Mr. Wheat didn't exhaust his administrative remedies before filing suit.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners can't bring an action in federal court about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from exhausting if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). If prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). A remedy becomes 'unavailable' if prison employees don't respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

The defendants argue that Mr. Wheat didn't exhaust his administrative remedies before filing this lawsuit because he submitted a grievance complaining of Sgt. Schoiber's use of force but didn't timely appeal the grievance office's denial of

2

that grievance. Mr. Wheat responds that he timely completed each step of the grievance process and the grievance office made the grievance process unavailable by improperly rejecting his Level I appeal as untimely.

Mr. Wheat's grievance documents show the following. On August 3, 2021, Mr. Wheat submitted Grievance 131621, complaining that Sgt. Schoiber shoved a taser into his neck. The grievance office received Grievance 131621 on August 23. The grievance office denied Grievance 131621 on the merits on September 14. On September 15, Mr. Wheat signed and checked a box indicating he disagreed with the grievance office's response to Grievance 131621. The grievance office sent Mr. Wheat a Level I appeal form on September 17. Mr. Wheat filled out and signed the appeal form with a listed date of September 18, 2021. Mr. Wheat says he submitted the appeal form through the prison mail system on September 18. The defendants don't provide any evidence indicating when Mr. Wheat submitted his Level I appeal form, but their evidence indicates the grievance office didn't receive the appeal form until October 18. The grievance office rejected Mr. Wheat's Level I appeal form on October 18as untimely because it wasn't received within the allotted five business days.

The Offender Grievance Process requires only that a Level I appeal form "shall be <u>submitted</u> to the Offender Grievance Specialist within five (5) business days after receiving the grievance response." ECF 38-1 at 12 (emphasis added). Mr. Wheat argues that he timely submitted his Level I appeal form through the prison mail system on September 18 and wasn't responsible for mailroom delay in providing the grievance to the grievance office. The defendants provide no evidence disputing Mr.

3

Wheat's assertion he timely submitted his appeal form through the prison mail system on September 18. Instead, the defendants point only to evidence the grievance office did not receive the appeal form until October 18, but that isn't inconsistent with Mr. Wheat's assertion that he placed the form in the mail on September 18.[1] Accordingly, the court accepts as undisputed that Mr. Wheat timely submitted his Level I appeal form through the prison mail system on September 18. This means the grievance office improperly rejected Mr. Wheat's Level I appeal as untimely.

The defendants alternatively argue that even if Mr. Wheat timely submitted his Level I appeal form, he still didn't exhaust his administrative remedies because he never submitted a Level II appeal to the Department Grievance Manager. But the grievance process only allows for an inmate to submit a Level II appeal after he receives no response to his Level I appeal or his Level I appeal is denied on the merits. There is no evidence the grievance process provided any mechanism for Mr. Wheat to appeal the grievance office's rejection of his Level I appeal.

The undisputed facts show the grievance office made the grievance process unavailable to Mr. Wheat by improperly rejecting his Level I appeal. *See* <u>Kab av. Stepp</u>, 458 F.3d at 684; *Dole*, 438 F.3d at 809. The defendants haven't met their burden to show Mr. Wheat had available administrative remedies he didn't exhaust before filing this lawsuit.

---

[1] Such a delay is not uncommon in many prison mailrooms. In fact, the undisputed facts show Mr. Wheat submitted Grievance 131621 on August 3 and the grievance office didn't receive it until twenty days later on August 23.

4

For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 30).

SO ORDERED on July 25, 2022

                                              /s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT