UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN WHEAT,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-630-RLM

N. SCHOIBER,

    Defendant.

OPINION AND ORDER

Ryan Wheat, a prisoner without a lawyer, is proceeding in this case "against Sgt. N. Schoiber in his individual capacity for compensatory and punitive damages for shoving the barrel of his taser gun into his neck, on July 28, 2021, in violation of the Eighth Amendment[.]" ECF 11 at 2. Sgt. Schoiber filed a motion for summary judgment, arguing he did not use excessive force against Mr. Wheat. ECF 78. With the motion, Sgt. Schoiber provided Mr. Wheat the notice required by N.D. Ind. L.R. 56-1(f). ECF 81. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Under Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed more than two months ago, but Mr. Wheat hasn't responded.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion can't just rely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. Whitley v. Albers, 475 U.S. 312, 319 (1986). To survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of

2

a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. McCottrell v. White, 933 F.3d 651, 663 (7th Cir. 2019).

Sgt. Schoiber provides an affidavit in which he attests to these facts:[1] On July 28, 2021, Sgt. Schoiber responded to a Signal 7 emergency in the KHU sallyport. Mr. Wheat was present in the sallyport when Sgt. Schoiber arrived. Due to the level of hostility presented by the offenders, Sgt. Schoiber had his taser drawn at his side upon entering the sallyport. In responding to the Signal 7, Sgt. Schoiber and other officers were trying to get the inmates back onto their side of the housing unit. Shortly after Sgt. Schoiber arrived at the sallyport, Mr. Wheat tried to leave his side of the housing unit. Sgt. Schoiber instructed him to go back to his side of the housing unit, which made him upset. Mr. Wheat disregarded Sgt. Schoiber's instructions and approached him in an aggressive manner. Sgt. Schoiber perceived Mr. Wheat to be a potential threat, instructed him to stay back, and raised his taser in his direction. Mr. Wheat continued to approach Sgt. Schoiber in an aggressive manner until Sgt. Schoiber's taser made contact with Mr. Wheat's left shoulder and neck. Sgt. Schoiber again instructed Mr. Wheat to return to his side of the housing unit, and this time Mr. Wheat complied. At no point did Sgt. Schoiber fire his taser or make any physical contact with Mr. Wheat except by his taser, and Mr. Wheat didn't display any indication of any injury from coming into contact with his taser.

---

[1] Because Mr. Wheat has not responded to Sgt. Schoiber's summary judgment motion, the court accepts Sgt. Schoiber's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

These undisputed facts show Sgt. Schoiber used force against Mr. Wheat in a good faith effort to restore discipline, not maliciously and sadistically to cause harm. Mr. Wheat refused orders to return to his side of the housing unit, approached Sgt. Schoiber in an aggressive manner, Sgt. Schoiber raised his taser in response, and Mr. Wheat continued to approach Sgt. Schoiber aggressively until the taser was pressed against his neck and shoulder. Considering the factors laid out in McCottrell: (1) there is no evidence Sgt. Schoiber used more force than was necessary; (2) there is no evidence Mr. Wheat suffered any injury; (3) Sgt. Schober's use of force was needed because of a risk to the safety of Sgt. Schoiber and the other correctional officers responding to the Signal 7; and (4) Sgt. Schoiber limited the severity of the force by refraining from firing his taser. *See* McCottrell v. White, 933 F.3d at 663. Because the McCottrell factors strongly favor Sgt. Schoiber, no reasonable jury could conclude his use of force was malicious. Summary judgment is therefore warranted in his favor.

For these reasons, the court:

(1) GRANTS Sgt. Schoiber's motion for summary judgment (ECF 78); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Schoiber and against Ryan Wheat and to close this case.

SO ORDERED on June 14, 2023

    /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT